UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

            Plaintiff,

vs.

ALL FUNDS DEPOSITED OR
CREDITED TO ING GROEP N.V.,
ACCOUNT NO. NL50INGB0006696970,
NOT TO EXCEED $393,519.25,

            Defendant *in rem.*

_____/

Civil Case No.

Honorable

## COMPLAINT FOR FORFEITURE

NOW COMES Plaintiff, the United States of America, by and through

BARBARA L. McQUADE, United States Attorney for the Eastern District of

Michigan, and PAUL A. KUEBLER, Assistant United States Attorney, and states

upon information and belief in support of this Complaint for Forfeiture *in rem* that:

## JURISDICTION AND VENUE

1.     This is an *in rem* civil forfeiture action pursuant to 18 U.S.C. §

981(a)(1)(C) resulting from violations of 18 U.S.C. §§ 1343 and/or 1344, and

pursuant to 18 U.S.C. §§ 981(a)(1)(A) and/or (C) resulting from violations of 18

U.S.C. § 1956.

2.     The Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 as this action is being commenced by the United States of America as Plaintiff.

3.     This Court has *in rem* jurisdiction and venue over this forfeiture action, pursuant to 28 U.S.C. § 1355(b)(1)(A), as the acts or omissions giving rise to the forfeiture occurred in the Eastern District of Michigan, and 28 U.S.C. § 1355(b)(2).

4.     Venue is also proper before this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in the Eastern District of Michigan.

## DEFENDANT *IN REM*

5.     The Defendant *in rem* in this action consists of All Funds Deposited or Credited to ING Groep N.V. Account No. NL50INGB0006696970 not to Exceed Three Hundred Ninety Three Thousand Five Hundred Nineteen Dollars and Twenty-Five Cents ($393,519.25) in U.S. currency.

6.     On June 14, 2016, the United States District Court for the Eastern District of Michigan issued a seizure warrant authorizing the seizure of the Defendant *in rem*. On June 28, 2016, the U.S. Department of Justice, Office of International Affairs, accomplished execution by transmitting the warrant to the Netherlands for serving process where the property is located.

## STATUTORY BASIS FOR CIVIL FORFEITURE

7.      **18 U.S.C. § 981. Civil Forfeiture:**

(a)(1)  The following property is subject to forfeiture to the United States:

(A) Any property, real or persona, involved in a transaction or attempted transaction in violation of 1956, 1957 or 1960 of this title, or any property traceable to such property.

(C) Any property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

8.      **18 U.S.C. § 1343.  Fraud by wire, radio, or television:**

Whoever, having devised . . . any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representatives, or promises, transmits or causes to be transmitted by means of wire . . . any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined . . . or imprisoned not  more than 20 years, or both.

9.      **18 U.S.C. § 1344.  Bank fraud:**

Whoever knowingly executes, or attempts to execute, a scheme or artifice –

(1) to defraud a financial institution; or

(2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises; shall be fined . . . or imprisoned not more than 30 years, or both.

10.   **18 U.S.C. § 1956. Laundering of monetary instruments:**

(a) (1)  Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity—

(A)(i) with the intent to promote the carrying on of specified unlawful activity; or

\* \* \*

(B) knowing that the transaction is designed in whole or in part –

(i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or

\* \* \*

shall be sentenced to a fine . . . or imprisonment for not more than twenty years, or both . . . .

(c)   As used in this section . . .

(7) the term "specified unlawful activity" means - -

(A) any act or activity constituting an offense listed in Section 1961(1) of this title [including sections 1343 (wire fraud), 1344 (bank fraud) and 1956 (money laundering)] . . . .

4

## FACTUAL BASIS FOR CIVIL FORFEITURE

11.     Plaintiff asserts that the Defendant Currency is subject to forfeiture pursuant to:

a.      18 U.S.C. § 981(a)(1)(C) as proceeds, which constitutes or is derived from proceeds of Wire Fraud (18 U.S.C. § 1343), or a conspiracy to commit such offense; and/or

b.      18 U.S.C. § 981(a)(1)(C) as proceeds, which constitutes or is derived from proceeds of Bank Fraud (18 U.S.C. § 1344), or a conspiracy to commit such offense; and/or

c.      18 U.S.C. §§ 981(a)(1)(A) and/or (C) resulting from violations of 18 Money Laundering (U.S.C. § 1956).

12.     The facts supporting these evidentiary determinations include, but are not limited to, the following:

a.      In 2015, American Chemical Technologies, a manufacturer and developer of industrial lubricants located in Fowlerville, Michigan, began negotiations with Rudolf Schulze, an individual located in Eupen, Belgium, to buy Schulze's European distributor.

b.      On December 22, 2015, Kevin Kovanda, President of American Chemical Technologies, received an e-mail from Schulze at the e-mail address schulze.partner@skynet.be, containing a pdf document of a purchase agreement

5

finalizing the purchase from Schulze.  The purchase agreement contained wiring instructions, which included routing numbers for an ING Bank account in Belgium (ING IBAN:BE25 xxxx xxxx 4882, BIC:BBRUBEBB) in the name of Rudolf Schulze, at the address B-4700 Aachener Strabe, 79 Eupen, Belgium, for a transfer to be completed by January 31, 2016, in the amount of $393,519.25.

      c.      Shortly thereafter, Kovanda received another e-mail from the same email address with a pdf document of the purchase agreement.  This purchase agreement, however, contained different wiring instructions for an account in the name of Rudolf Schulze, at the address B-4700 Aachener Strabe, 79 Eupen, Belgium, but with a different bank account number: bank account number NL50INGB0006696970, at ING Groep N.V., in the Netherlands ("ING Account – Netherlands").

      d.      On January 8, 2016, Kovanda wire transferred $393,519.25 to the ING Account – Netherlands, believing that he was sending the money to Schulze.

      e.      A few days after the wire transfer, Schulze, the intended legitimate recipient of the funds, asked Kovanda if the money had been transferred.  After several e-mails and review of the sales purchase agreement Kovanda had received, the parties determined that the account number had been changed to the ING Account – Netherlands without the knowledge of either party.

     f.      On January 25, 2016, Schulze filed a police report in Belgium regarding the fraudulent transfer of the funds, and a few days later, Kovanda filed a complaint referral form with the Internet Crime Complaint Center (IC3).

     g.      U.S. authorities have subsequently learned that the ING Account – Netherlands is actually held in the name of J.F.A. Badulkhan B.V.

     h.      In addition, a technology expert has determined that the pdf document that Kovanda received containing the fraudulent account number was created by the program Corel PDF.  Kovanda and Schulze have indicated that neither one of them owns or uses that program.

     i.      Schulze also later admitted to Kovanda that he had evidence that his laptop had been hacked around November 2015.

     j.      Based on the information above, agents believe that the defendant funds totaling $393,519.25 were fraudulently directed to account no. ING NL50INGB0006696970 in violation of 18 U.S.C. § 1343 (Wire Fraud), 18 U.S.C. § 1344 (Bank Fraud) and/or 18 U.S.C. § 1956 (Money Laundering).

## **CLAIM**

     13.    The United States hereby incorporates by reference, repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 12 above, including all subparagraphs therein.

     14.    The Defendant Currency is forfeitable to the United States of America

pursuant to:

a.      18 U.S.C. § 981(a)(1)(C) as proceeds, which constitutes or is derived from proceeds of Wire Fraud (18 U.S.C. § 1343), or a conspiracy to commit such offense; and/or

b.      18 U.S.C. § 981(a)(1)(C) as proceeds, which constitutes or is derived from proceeds of Bank Fraud (18 U.S.C. § 1344), or a conspiracy to commit such offense; and/or

c.      18 U.S.C. §§ 981(a)(1)(A) and/or (C) resulting from violations of 18 Money Laundering (U.S.C. § 1956).

## **RELIEF**

WHEREFORE Plaintiff, the United States of America, respectfully requests

that a Warrant of Arrest for the defendant currency be issued; that notice be given

to all interested parties to appear and show cause why the forfeiture should not be

decreed; that judgment be entered declaring that the defendant currency be

condemned and forfeited to the United States of America for disposition according

to law; and that the United States of America be granted such other further relief as

this Court may deem just and proper, together with the costs and disbursements of

this action.

Respectfully submitted,

BARBARA L. McQUADE
United States Attorney

PAUL A. KUEBLER
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9641
Email: paul.kuebler@usdoj.gov
(NY Bar No. 4268561)

Dated: July ___, 2016

## **VERIFICATION**

I, James C. Sliger, state that I am a Special Agent with the U.S. Secret Service. I have read the foregoing Complaint for Forfeiture and declare under penalty of perjury that the facts contained therein are true and correct based upon knowledge possessed by me and/or upon information received from other law enforcement officers.

James C. Sliger, Special Agent
United States Secret Service

Dated: July _11_, 2016